IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
BRENDA SHIRLEE DAVIS,            )
                                 )
                  Plaintiff,     )    CIVIL ACTION
                                 )
v.                               )    No.  14-1221-MLB
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social Security, )
                                 )
                  Defendant.     )
_____)
```

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion for an award of attorney fees and costs in the amount of $4,075, under the Equal Access to Justice Act (EAJA). (Doc. 28). The Commissioner contests the award of fees, claiming that its position was substantially justified. Plaintiff's motion is granted, for the reasons herein.

**I. Standards**

A party who prevails in litigation against the United States is entitled to EAJA attorney fees, as well as the costs and expenses of litigation, upon timely petition for them if the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

The government bears the burden of proving that its position was "substantially justified." In order to meet its burden of showing that its position was "substantially justified," the government must establish that its case has a reasonable basis in law and in fact. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). "[T]he reasonableness test breaks down into three parts: the government must

show that there is a reasonable basis for the facts alleged[;] that there exists a reasonable basis in law for the theory it propounds; and that the facts alleged will reasonably support the legal theory advanced." Gatson v. Bowen, 854 F.2d 379, 380 (10th Cir. 1988).

## III.  Analysis

Plaintiff was denied disability benefits after the ALJ determined that she could perform her past work at step 4. Plaintiff argued that the ALJ's step 4 analysis was erroneous because the ALJ failed to make findings of fact regarding the physical and mental demands of plaintiff's past work. (Doc. 18 at 25). The Commissioner asserted that the ALJ's step 4 findings were sufficient because the VE prepared a written report which was in the record. (Doc. 23 at 7).

The court held that the ALJ erred by failing to make adequate findings at step 4. Specifically, S.S.R. 82-62 states as follows:

> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
>
> 1. A finding of fact as to the individual's RFC.
>
> 2. A finding of fact as to the physical and mental demands of the past job/occupation.
>
> 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

In its memorandum and order, the court concluded as follows:

> The social security ruling, SSR 82-62, and the case law set forth above clearly state that the ALJ must make specific findings of fact as to the physical and mental demands of the past job. In Winfrey, the 10th Circuit held that the VE may supply information to the ALJ at step four concerning plaintiff's past relevant work, and the ALJ may rely on that information, but the ALJ must make the required findings on the record. Winfrey, 92 F.3d at 1025. In this case, the VE did not testify regarding the postural, environmental or mental demands

> of the cleaner and dietary aide positions, and the ALJ did not make any findings as to the physical and mental demands of the positions. When, as in this case, the ALJ makes findings only about plaintiff's limitations, and the remainder of the step four assessment takes place in the VE's head, the court is left with nothing to review. <u>Winfrey</u>, 92 F.3d at 1025.

(Doc. 26 at 8-9).

The Commissioner contends that its position was "substantially justified" because the VE's written report was included in the medical records. The ALJ, however, failed to cite to the VE's written report or include any findings from that report in the decision. In order to be "substantially justified," the Commissioner's position must have a reasonable basis in the law. The Commissioner has not cited any authority which would support a finding that the Commissioner's position had a reasonable basis in law.

The ALJ's opinion clearly did not comport with the requirements of S.S.R. 82-62 and Tenth Circuit authority which clearly requires the ALJ to make findings on the record. "This social security ruling has been in effect for 25 years, and the case law from the 10th Circuit has reiterated the need for the defendant to meet the requirements of SSR 82-62." <u>Hill v. Astrue</u>, No. 07-1028, 2007 WL 4741371, at *7 (D. Kan. Sept. 7, 2007). There is no exception to S.S.R. 82-62. The ALJ must make findings in her decision concerning step 4. Therefore, the VE's written report cannot support step 4 findings if the report is not quoted and cited in the ALJ's findings. As such, the Commissioner's position did not have a reasonable basis in the law.

**IV.   Conclusion**

The Commissioner's position concerning the ALJ's step 4 decision was not substantially justified. Plaintiff's motion for fees in the

amount of $4,075 is granted.[1]  The award shall be made payable to plaintiff.

IT IS SO ORDERED.

Dated this   16th   day of September 2015, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

---

[1] The Commissioner does not contend that the amount of fees is unreasonable.

-4-